**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

ANTOINE CHARLES CARR,            )
                                 )
        Petitioner,              )
                                 )
        v.                       )        1:13CR98-1
                                 )        1:16CV152
UNITED STATES OF AMERICA,        )
                                 )
        Respondent.              )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This Court (per United States District Judge Thomas D. Schroeder) previously entered a Judgment against Petitioner imposing, inter alia, a prison term of 210 months, as a result of a jury's guilty verdict against him on the charge of possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g)(1), as well as his record of three prior convictions for a "violent felony" within the meaning of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). (Docket Entries 33, 54; see also Docket Entry 8 (Superseding Indictment); Docket Entry 27 (Verdict); Docket Entry 41 (Sent'g Hrg. Tr.); Docket Entry 53 (Presentence Report).)[1]  Petitioner appealed (see Docket Entry 34),

---

[1] Parenthetical citations refer to Petitioner's above-captioned federal criminal case.  The jury also found Petitioner guilty of possession of cocaine base in violation of 21 U.S.C. § 844(a) (Docket Entry 27 at 2), which (in light of an Information of Prior Conviction (Docket Entry 10)) resulted in the imposition of a concurrent prison term of 24 months (Docket Entry 33 at 2).

but the United States Court of Appeals for the Fourth Circuit affirmed, United States v. Carr, 583 F. App'x 226 (4th Cir. 2014), and the United States Supreme Court denied review, Carr v. United States, ___ U.S. ___, 135 S. Ct. 1443 (2015).

Within one year of the Supreme Court's action, Petitioner submitted to prison authorities for mailing a pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion") (Docket Entry 47), along with a Memorandum of Law in Support (Docket Entry 48). Petitioner's Section 2255 Motion seeks relief based on Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015). (Docket Entry 47, § 12(Ground One); accord Docket Entry 48 at 1-10.)

The United States responded to Petitioner's Section 2255 Motion, arguing that: A) his conviction for robbery with a dangerous weapon ("RWDW") in violation of N.C. Gen. Stat. § 14-87, satisfied the "force clause" of the ACCA's "violent felony" definition; B) his two convictions for breaking and entering in violation of N.C. Gen. Stat. § 14-54(a), each constituted a "burglary" (an enumerated "violent felony" under the ACCA), committed on separate occasions (from each other as well the RWDW offense); and C) he thus qualified as an Armed Career Criminal, notwithstanding Johnson's invalidation of the "residual clause" in the ACCA's definition of "violent felony." (See Docket Entry 50 at 5-7; see also Docket Entry 41 at 25 ("I am going to find that the

2

presentence report is correctly calculated as to the three prior convictions [for breaking and entering on two occasions and RWDW on a third occasion]."); Docket Entry 50-2 (Judgment and Commitment documenting Petitioner's North Carolina breaking and entering conviction with offense date of December 14, 1993); Docket Entry 50-3 (Judgment and Commitment documenting Petitioner's North Carolina breaking and entering conviction with offense date of December 10, 1993); Docket Entry 50-4 (Judgment and Commitment documenting Petitioner's North Carolina RWDW conviction with offense date of December 9, 1993); Docket Entry 53, ¶¶ 26 ("[T]he defendant has at least three prior convictions for a violent felony . . . which were committed on different occasions." (citing two North Carolina breaking and entering convictions and North Carolina RWDW conviction)), 33 (documenting Petitioner's conviction for RWDW committed on December 9, 1993), 34 (documenting Petitioner's conviction for breaking and entering committed on December 14, 1993), 35 (documenting Petitioner's conviction for breaking and entering committed on December 10, 1993).)

Petitioner replied, contending that his North Carolina breaking and entering convictions should not qualify as violent felonies under the ACCA. (Docket Entry 52 at 1-5.) Shortly thereafter, the Court appointed counsel to assist Petitioner in obtaining any relief available under Johnson (see Text Order dated July 27, 2016) and subsequently directed said counsel to file by

3

December 7, 2016, a status report addressing the position of the United States (see Text Order dated Nov. 11, 2016). Petitioner's counsel timely gave notice that he could not refute the position of the United States, "after a conscientious review of the matter, including all relevant pleadings, Petitioner's prior criminal record, and the applicable law." (Docket Entry 55 at 1.)

The Court should deny the instant Section 2255 Motion. "A 'violent felony' is defined under the ACCA as any crime 'punishable by imprisonment for a term exceeding one year' that either '<u>has as an element the use, attempted use, or threatened use of physical force against the person of another</u>' (the <u>force clause</u>), or 'is <u>burglary</u>, arson, or extortion, or involves use of explosives" (the <u>enumerated</u> language), or 'otherwise involves conduct that presents a serious potential risk of physical injury to another' (the residual clause)." <u>United States v. Gardner</u>, 823 F.3d 793, 801-02 (4th Cir. 2016) (quoting 18 U.S.C. § 924(e)(2)(B)(i), (ii)) (emphasis added) (internal brackets omitted). By its express terms, <u>Johnson</u> "did 'not call into question application of the ACCA to the four <u>enumerated</u> offenses' in § 924(e)(2)(B)(ii), or to 'the remainder of the [ACCA's] definition of a violent felony.' Thus, prior convictions that fall under the '<u>force clause</u>' in § 924(e)(2)(B)(i) are unaffected by *Johnson* []." <u>United States v. Smith</u>, 638 F. App'x 216, 218 (4th Cir. 2016) (quoting <u>Johnson</u>, ___

4

U.S. at \_\_\_, 135 S. Ct. at 2563) (internal brackets and citation to Johnson omitted) (emphasis added).

Petitioner's North Carolina RWDW conviction "qualifies as a 'violent felony' under the force clause." Id. at 219; accord United States v. Wintons, No. 16-6606, 2016 WL 6080669, at *1 (4th Cir. Oct. 18, 2016) (unpublished). Further, the Fourth Circuit has held that North Carolina's breaking and entering statute, "as interpreted by the North Carolina Supreme Court, sweeps no more broadly than the generic elements of burglary. . . . [A conviction under that statute] therefore qualifies as an ACCA predicate under 18 U.S.C. §924(e)(2)(B)(ii)." United States v. Mungro, 754 F.3d 267, 272 (4th Cir.), cert. denied, \_\_\_ U.S. \_\_\_, 135 S. Ct. 734 (2014); see also United States v. Jones, No. 15-4745, 2016 WL 5682559, at *1 (4th Cir. Oct. 3, 2016) (unpublished) ("[The defendant] also argues that his North Carolina breaking and entering convictions do not qualify as predicate offenses to support his armed career criminal sentence. This argument is foreclosed by our decision in []Mungro[]."); United States v. Bolden, 645 F. App'x 282, 283 (4th Cir. 2016) ("*Johnson* would entitle [the petitioner] to no relief because [his] prior conviction for breaking and entering under North Carolina law constitutes burglary and thus was unaffected by *Johnson*." (citing Mungro and United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009)); Harris v. United States, Nos. 1:10CR289-1, 1:13CV232, slip

5

op., at 6-7 (M.D.N.C. Nov. 24, 2015) (Peake, M.J.) ("[The p]etitioner's criminal history includes at least three convictions under North Carolina law for felony breaking and entering committed on different occasions. Thus, Johnson would not affect the determination of [his] case, even if his claim [wa]s considered on the merits." (internal citation omitted)), recommendation adopted, slip op. (M.D.N.C. Dec. 30, 2015) (Schroeder, J.), appeal dismissed, No. 16-6106, 2016 WL 3524785 (4th Cir. June 28, 2016) (unpublished) (stating in an unnumbered footnote: "[T]he district court's dispositive conclusion – that our decision in []Mungro[] foreclosed [the petitioner's] argument that the Supreme Court's holding in Johnson[] invalidated his armed career criminal designation – is not debateable.").[2]

---

[2] Nor does Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243 (2016) (or its progeny, such as United States v. White, 836 F.3d 437 (4th Cir. 2016)) call for a different result. "[T]he elements of Mathis's crime of conviction (Iowa burglary) cover[ed] a greater swath of conduct than the elements of the relevant ACCA offense (generic burglary)." Mathis, ___ U.S. at ___, 136 S. Ct. at 2251. Specifically, the Iowa burglary statute exceeded the bounds of generic burglary because it defined a "'premises' [to] include 'a house, a building, a car, or a boat.'" Id. at ___, 136 S. Ct. at 2255; see also White, 836 F.3d at 445 ("[The d]efendant contends that the West Virginia burglary statute sweeps more broadly than generic burglary because it covers enclosures other than buildings or structures. We agree." (internal ellipsis and quotation marks omitted)). In contrast, North Carolina's breaking and entering statute does not extend beyond buildings. See United States v. Bowden, 975 F.2d 1080, 1084 (4th Cir. 1992) (holding that N.C. Gen. Stat. § 14-54(a) meets the "definition of generic burglary insofar as it requires that the crime be directed against a building"); see also Mungro, 754 F.3d at 272 (ruling "that N.C.
(continued...)

6

In sum, Petitioner's Section 2255 Motion fails as a matter of law.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry 47) be denied without issuance of a certificate of appealability.

                                /s/ L. Patrick Auld
                                **L. Patrick Auld**
                                **United States Magistrate Judge**
December 16, 2016

---

² (...continued)
Gen. Stat. § 14-54(a) . . . sweeps no more broadly than the generic elements of burglary").

7